UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAOUL A. GALAN, JR. | CIVIL ACTION |
| VERSUS | NO. 20-2235 |
| STEPHEN MICHAEL PETIT, JR. | SECTION: "G"(5) |

### ORDER

Pending before the Court is a "Motion to Dismiss Pursuant to Rule 12(b) and Motion for Sanction [sic]" filed by Defendant Stephen Petit, Jr. ("Defendant").[1] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion without prejudice and allows Plaintiff Raoul A. Galan, Jr. ("Plaintiff") until May 31, 2021 to amend the Complaint to cure the deficiencies identified in this Order.

### I. Background

Plaintiff filed a Complaint on August 12, 2020 against Defendant alleging abuse of process.[2] The case was randomly allotted to Judge Greg G. Guidry (Section "T" of this Court).[3] In the Complaint, Plaintiff alleges that "[t]he public and the plaintiff has [sic] been damaged in the election of Louisiana State Senate District 10 Election [sic] October 12, 2019."[4] Specifically,

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 1.

[3] *Id.*

[4] *Id.* at 1.

1

Plaintiff alleges that he filed a notice of candidacy on August 7, 2019 for Louisiana Senate District 10.[5] Thereafter, according to Plaintiff, Defendant requested Plaintiff's tax filing records from the Louisiana Department of Revenue and filed a petition objecting to the candidacy of Plaintiff on August 15, 2019.[6] It appears that the objection to candidacy allegedly filed by Defendant concerned Plaintiff's tax records.[7] According to Plaintiff, the "lower court" granted Defendant's petition objecting to Plaintiff's candidacy.[8] Plaintiff avers that he appealed several times in the 24th Judicial District Court, Louisiana Fifth Circuit Court of Appeals, and Louisiana Supreme Court.[9] According to Plaintiff, "federal law and state law must be addressed in this matter."[10]

On August 15, 2020, Defendant moved to dismiss this action.[11] On February 22, 2021, Judge Guidry dismissed the motion to dismiss without prejudice because on December 10, 2020, Defendant filed an "essentially identical" second motion to dismiss.[12] On March 16, 2021, Judge Guidry recused himself from the instant case and the instant case was randomly reallotted to Chief Judge Nannette J. Brown (Section "G" of this Court).[13]

---

[5] Rec. Doc. 1-2 at 1.

[6] Id.

[7] Id.

[8] Id.

[9] Id.

[10] Id.

[11] Rec. Doc. 2.

[12] Rec. Doc. 18.

[13] Rec. Doc. 19.

## II. Parties' Arguments

### A.    *Defendant's Arguments in Support of the Motion to Dismiss*

In the instant motion to dismiss, Defendant argues that dismissal of this action is appropriate pursuant to Federal Rule of Civil Procedure 12(b).[14] Defendant contends that "[Plaintiff] fails to provide any real indication of the subject matter of the claim" and "fails to state any claim . . . upon which relief can be granted."[15]

Defendant also moves the Court to impose sanctions on Plaintiff because "[Plaintiff's] actions are a glaring example of abuse of judicial process [and] have amounted to nothing more than continuous harassment of Defendant."[16] Defendant asserts that he has had to spend "significant time and expense defending the frivolous actions of [Plaintiff]" because "[t]he action on its face is woefully lacking which creates significant issues in mounting a defense" and "[Plaintiff's] attempts at service are woefully inadequate."[17]

### B.    *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiff contends that Defendant's testimony in the 24th Judicial District Court, State of Louisiana, indicates that "[Defendant] [did] not know [Plaintiff] or his opponents" when Defendant allegedly filed a petition to disqualify Plaintiff as a candidate for the Louisiana Senate.[18] Plaintiff avers that Defendant "planned [a] malicious attack" upon Plaintiff involving a

---

[14] Rec. Doc. 14-2 at 2.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.*

18  Rec. Doc. 16 at 1.

public records request for Plaintiff's tax records and the alleged petition to disqualify Plaintiff from candidacy for the Louisiana Senate.[19]

### III. Legal Standard

*A.    Legal Standard for 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[20] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[21] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[22] "Factual allegations must be enough to raise a right to relief above the speculative level."[23] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[24]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[25] However, although required to accept all "well-pleaded

---

[19] *Id.* at 2–3.

[20] Fed. R. Civ. P. 12(b)(6).

[21] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[23] *Twombly*, 550 U.S. at 556.

[24] *Id.* at 570.

[25] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

facts" as true, a court is not required to accept legal conclusions as true.[26] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[27] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[28] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[29] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[30] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[31] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[32]

### B.   *Legal Standard for Sanctions*

Title 28, United States Code, Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any Court of the United States . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

---

[26] *Iqbal*, 556 U.S. at 677–78.

[27] *Id.* at 679.

[28] *Id.* at 678.

[29] *Id.*

[30] *Id.*

[31] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[32] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As the Fifth Circuit has explained, "[t]he adverbs being in the conjunctive, sanctions under § 1927 must be predicated on actions that are both 'unreasonable' and 'vexatious.'"[33] "Because of the punitive nature of § 1927 sanctions, and in order not to chill legitimate advocacy, the provision must be strictly construed."[34]

In addition to 28 U.S.C. § 1927, a court may also enter sanctions pursuant to Federal Rule of Civil Procedure 11. Rule 11 provides that when an attorney or unrepresented party submits a pleading to the court, that person certifies that any representations made to the court are not being presented for any improper purpose, that the legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of the law, and that any allegations made therein have evidentiary support. The district court may impose appropriate sanctions, including attorneys' fees and costs, where a pleading has been filed in violation of Rule 11.[35] A district court's decision to deny Rule 11 sanctions is reviewed for abuse of discretion, which "only occurs where no reasonable person could take the view adopted by the trial court."[36]

## IV. Analysis

In the instant motion to dismiss, Defendant argues that dismissal of this action is appropriate because "[Plaintiff] fails to provide any real indication of the subject matter of the

---

[33] *Edwards v. General Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998).

[34] *Id.*

[35] Fed. R. Civ. P. 11(c).

[36] *Bergquist v. FyBX Corp.,* 108 F. App'x 903, 904 (5th Cir. 2004).

claim" and "fails to state any claim . . . upon which relief can be granted."[37] In opposition, Plaintiff avers that Defendant "planned [a] malicious attack" upon Plaintiff involving a public records request for Plaintiff's tax records and the alleged petition to disqualify Plaintiff from candidacy for the Louisiana Senate.[38]

In the Complaint, Plaintiff alleges "abuse of process," claiming that "[t]he public and the plaintiff has [sic] been damaged in the election of Louisiana State Senate District 10 Election [sic] October 12, 2019."[39] Specifically, Plaintiff alleges that he filed a notice of candidacy on August 7, 2019 for Louisiana Senate District 10.[40] Thereafter, according to Plaintiff, Defendant requested Plaintiff's tax filing records from the Louisiana Department of Revenue and filed a petition objecting to the candidacy of Plaintiff on August 15, 2019.[41] It appears that the objection to candidacy allegedly filed by Defendant concerned Plaintiff's tax records.[42]

Although Plaintiff asserts that "federal law and state law must be addressed in this matter"[43] and references "intentional torts," "malicious prosecution," and "acts against the Federal Voting Rights Act" in the Complaint and in opposition to the instant motion, Plaintiff does not set forth factual allegations to state a claim that is plausible on its face. In particular, Plaintiff does not explain how the elements of the alleged torts are satisfied or how Defendant's conduct violates the

---

[37] Rec. Doc. 14-2.

[38] Rec. Doc. 16 at 2–3.

[39] Rec. Doc. 1-2 at 1.

[40] Rec. Doc. 1; Rec. Doc. 1-2.

[41] *Id.* at 1.

[42] *Id.*

[43] *Id.*

7

Federal Voting Rights Act, which prohibits racial discrimination in voting.[44] Rather, Plaintiff offers only vague and conclusory allegations regarding a purported objection to his candidacy for Louisiana Senate and public records requests for Plaintiff's tax records. Without more concrete allegations, the Court is unable to draw a reasonable inference that the defendant is liable for the misconduct alleged.

However, this Court is mindful that dismissal is a harsh remedy considering Plaintiff's status as a *pro se* litigant.[45] The Fifth Circuit instructs that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[46] Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend the complaint.[47] Accordingly, the Court grants Plaintiff leave to amend the Complaint to allege additional facts showing how Defendant could be held liable for the alleged misconduct.[48]

With respect to Defendant's request for sanctions, Defendant argues that "[Plaintiff's] actions are a glaring example of abuse of judicial process [and] have amounted to nothing more than continuous harassment of Defendant."[49] Although it is difficult to ascertain the precise basis

---

[44] *Veasey v. Abbott*, 830 F.3d 216, 247 (5th Cir. 2016).

[45] *See Carroll v. Fort James Corp.,* 470 F.3d 1171, 1175 (5th Cir.2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597–98 (5th Cir.1981)).

[46] *Beanal v. Freeport–McMoran, Inc*., 197 F.3d 161, 164 (5th Cir. 1999).

[47] *See Carroll v. Fort James Corp*., 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 597–98 (5th Cir. 1981)).

[48] *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[49] Rec. Doc. 14-2 at 4.

for sanctions in this case, Defendant appears to contend that sanctions are appropriate here pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 because Plaintiff has made several allegedly frivolous attempts to challenge Defendant's alleged conduct in various courts.[50] The Court finds that sanctions are not appropriate at this time under either 28 U.S.C. § 1927 or Federal Rule of Civil Procedure 11 because, as discussed above, the Court is unable to determine the merits of Plaintiff's allegations at this stage. Accordingly,

**IT IS HEREBY ORDERED** that the "Motion to Dismiss Pursuant to Rule 12(b) and Motion for Sanction[s]"[51] filed by Defendant Stephen Michael Petit, Jr. is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the Complaint to address the deficiencies noted by the Court, if possible, and to provide a more definite statement of his claims against Defendant. If Plaintiff fails to amend the Complaint by May 31, 2021, upon motion by a party, the Court will dismiss the claims against Defendant.

**NEW ORLEANS, LOUISIANA**, this  17th  day of May, 2021.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[50] *See* Rec. Doc. 14-2 at 4.

[51] Rec. Doc. 14.