## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**RAOUL A. GALAN, JR.**                                  **CIVIL ACTION**

**VERSUS**                                               **NO. 20-2235**

**STEPHEN MICHAEL PETIT, JR.**                           **SECTION: "G"(5)**


## ORDER AND REASONS

Before the Court is Defendant's Second Motion to Dismiss Pursuant to Rule 12(b) and Motion for Sanctions filed by Defendant Stephen Petit, Jr. ("Defendant").[1] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date.[2] To date, no opposition has been filed and the Motion is therefore deemed to be unopposed. This Court has the authority to grant an unopposed motion, although it not required to do so.[3] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

## I. Background

Plaintiff filed a Complaint against Defendant on August 12, 2020 alleging abuse of process.[4] The case was initially allotted to Judge Greg G. Guidry.[5] In the Complaint, Plaintiff

---

[1] Rec. Doc. 48.

[2] EDLA Local Rule 7.5.

[3] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[4] Rec. Doc. 1.

[5] *Id.*

1

alleges that "[t]he public and the plaintiff has [sic] been damaged in the election of Louisiana State Senate District 10 Election [sic] October 12, 2019."[6] Specifically, Plaintiff alleges that he filed a notice of candidacy on August 7, 2019 for Louisiana Senate District 10.[7] Then, according to Plaintiff, Defendant requested Plaintiff's tax filing records from the Louisiana Department of Revenue.[8] On August 15, 2019, Defendant filed a petition objecting to Plaintiff's candidacy.[9] Defendant's petition objected to Plaintiff's qualifying as a candidate because Plaintiff allegedly did not file taxes for the year 2014.[10] Plaintiff asserts that the "lower court" granted Defendant's petition.[11] Plaintiff avers that he appealed several times in the 24th Judicial District Court, Louisiana Fifth Circuit Court of Appeals, and Louisiana Supreme Court, but was unsuccessful.[12] According to Plaintiff, "federal law and state law must be addressed in this matter."[13]

On August 15, 2020, Defendant moved to dismiss this action.[14] On February 22, 2021, Judge Guidry dismissed the motion to dismiss without prejudice because, on December 10, 2020, Defendant filed an "essentially identical" motion to dismiss.[15] On March 16, 2021, Judge Guidry

---

[6] *Id.* at 1.

[7] Rec. Doc. 1-2 at 1.

[8] *Id.*

[9] *Id.*

[10] *See* Rec. Doc. 54-2 at 13–16, 23–24 (Transcript of State Court Proceeding).

[11] Rec. Doc. 1-2 at 1. *See also* Rec. Doc. 54-2 at 32. 43–47.

[12] Rec. Doc. 1-2 at 1. *See also* Rec. Doc. 54-2 at 4–7.

[13] Rec. Doc. 1-2 at 1.

[14] Rec. Doc. 2.

[15] Rec. Doc. 18.

recused himself, and the case was reallotted to this Court.[16]

On May 29, 2021, this Court denied Defendant's first motion to dismiss and granted Plaintiff leave to amend the Complaint to address the deficiencies identified in the Court's Order.[17] On May 29, 2021, Plaintiff filed an Amended Complaint.[18] On June 28, 2021, Defendant filed the instant second motion to dismiss which was noticed for submission on July 14, 2021.[19] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[20] To date, no opposition has been filed. Instead, on July 28, 2021, Plaintiff filed a motion for leave to file a second amended complaint.[21] Defendant opposes the motion to amend.[22]

## II. Defendant's Arguments in Support of the Second Motion to Dismiss

In the instant motion to dismiss, Defendant seeks dismissal of the Amended Complaint.[23] Defendant contests Plaintiff's characterization of this matter as involving a "federal/state mix" and notes that "the election at issue in this matter was for Louisiana State Senate" and was governed

---

[16] Rec. Doc. 19.

[17] Rec. Doc. 44.

[18] Rec. Doc. 46. Specifically, *pro se* Plaintiff filed a "Motion to Amend Plaintiff's Complaint" and an accompanying memorandum to address the deficiencies identified in this Court's May 18, 2021 Order denying Defendant's motion to dismiss. Rec. Docs. 46, 46-1. The Court construes these documents as Plaintiff's Amended Complaint.

[19] Rec. Doc. 48.

[20] EDLA Local Rule 7.5.

[21] Rec. Doc. 54.

[22] Rec. Doc. 55.

[23] Rec. Doc. 48-1 at 1.

solely by Louisiana law.[24]

Plaintiff asserts an abuse of process claim against Defendant.[25] In the Amended Complaint, Plaintiff alleges that he did not timely receive the petition challenging his candidacy and asserts that the "chain of custody" was "delayed."[26] Under Louisiana law, Defendant contends that Plaintiff was properly notified of the petition challenging his candidacy.[27] Moreover, Defendant asserts that Plaintiff's complaints about the timeliness of service and alleged interference with the chain of custody are all matters outside of Defendant's control.[28] Defendant avers that Louisiana Revised Statute § 18:1407 provides that the Clerk of Court is the agent for service of process for any candidate running for office in that parish.[29] According to Defendant, by filing his notice of candidacy, Plaintiff appointed the Jefferson Parish Clerk of Court as his registered agent for service of process.[30] Defendant also notes that he requested that service on Plaintiff be "rushed."[31] Additionally, Defendant contends that his request for rushed service is corroborated by the "PLEASE RUSH" notation on the service documents attached to the Amended Complaint.[32] Therefore, Defendant contends that "any delay definitively was not caused by

---

[24] *Id.*

[25] Rec. Doc. 46 at 2.

[26] Id.

[27] Rec Doc. 48-1 at 2.

[28] *Id.*

[29] Rec. Doc. 48-1 at 2 (citing La. R.S. § 18:1407).

[30] *Id.* at 2–3.

[31] *Id.* at 3.

[32] *Id. See also* Rec. Doc. 46-2 at 3.

Defendant."[33]

Plaintiff also alleges that this delay was caused by Plaintiff's co-defendant in the state court action, who Plaintiff asserts is his political adversary.[34] Defendant notes that Plaintiff's co-defendant in the state court action was the current Jefferson Parish Clerk of Court, Jon Gegenheimer ("Gegenheimer").[35] Defendant asserts that Louisiana Revised Statute § 18:1402 provides that the proper parties to an action objecting to a candidacy are (1) the candidate, and (2) the clerk of court, in his official capacity, if the candidate qualified with the clerk of court.[36] Thus, Defendant argues that naming Gegenheimer as a co-defendant was proper.[37]

The Amended Complaint asserts that Defendant "may have lied" in the Twenty-Fourth Judicial District Court.[38] Defendant asserts that an allegation that Defendant "may have" lied is insufficient to give rise to a cause of action.[39] Moreover, Defendant contends that even if the allegation that he lied were true, that would establish a state court perjury or contempt issue, not a federal issue.[40]

Additionally, the Amended Complaint contains various allegations about the impropriety

---

[33] Rec. Doc. 48-1 at 2–3.

[34] Rec. Doc. 46 at 2.

[35] Rec. Doc. 48-1 at 2.

[36] *Id.* at 3.

[37] *Id.*

[38] Rec. Doc. 46 at 2.

[39] Rec. Doc. 48-1 at 3.

[40] *Id.* at 4.

of state court judicial officers.[41] Plaintiff asserts that the Louisiana Fifth Circuit Court of Appeals delayed its decision on Plaintiff's appeal, that Plaintiff was provided only a three judge panel rather than en banc review, and that Judge Liljeberg should have recused himself.[42] Defendant argues these allegations do not state a claim against Defendant and are completely out of the control of the Defendant.[43]

Plaintiff asserts a malicious prosecution claim against Defendant.[44] Defendant asserts that he "is not a government, prosecutorial, or law enforcement officer" and that Plaintiff "was never charged or prosecuted with any type of crime related to this matter . . . nor has [Plaintiff] asserted that he has been."[45] To the extent that this claim is an "abuse of process" claim, Defendant contends that Plaintiff has failed to state a claim for abuse of process.[46] Defendant asserts that he used "the appropriate legal mechanisms" to challenge Plaintiff's candidacy. Additionally, Plaintiff provides a list of similar cases challenging candidates for office brought by Defendant.[47] Defendant argues that this list cuts against Plaintiff's claim because it demonstrates that Defendant

---

[41] Rec. Doc. 46 at 2–3.

[42] *Id.*

[43] Rec. Doc. 48-1 at 4–5. Additionally, Defendant argues that Plaintiff's appeal was rightly dismissed by the Louisiana Fifth Circuit Court of Appeals. *Id.* at 5. Defendant asserts that Louisiana Revised Statute § 18:1409 provides that an appeal of a judgment objecting to candidacy must be taken within twenty-four hours. *Id.* Defendant asserts that, because Plaintiff took five days to file his appeal, the Louisiana Fifth Circuit Court of Appeals and the Louisiana Supreme Court "had no option but to rule as they did." *Id.*

[44] Rec. Doc. 46 at 3.

[45] Rec. Doc. 48-1 at 6.

[46] *Id.*

[47] Rec. Doc. 46 at 3.

did not single out Plaintiff.[48]

Finally, Defendant "reasserts the motion for sanctions as addressed in Defendant's first motion to dismiss in this matter."[49]  Defendant also requests oral argument. Defendant asserts that "due to the erratic nature of the pleadings filed by [Plaintiff]," oral argument would be beneficial so that Defendant "may specifically address each and every issue" the Court may deem significant.[50]

### III. Legal Standard

#### A.    Legal Standard for 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[51]  A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[52] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[53] "Factual allegations must be enough to raise a right to relief above the speculative level."[54] A claim is facially plausible when the plaintiff has pleaded facts that allow

---

[48] Rec. Doc. 48-1 at 7.

[49] *Id.* at 8. In his first motion to dismiss, Defendant moved the Court to sanction Plaintiff because Defendant asserted that "[Plaintiff's] actions are a glaring example of abuse of judicial process . . . [and] have amounted to nothing more than continuous harassment of Defendant." Rec. Doc. 14-2 at 4.

[50] Rec. Doc. 48 at 1.

[51] Fed. R. Civ. P. 12(b)(6).

[52] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[53] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[54] *Twombly*, 550 U.S. at 556.

the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[55]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[56] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[57] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[58] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[59] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[60] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[61] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[62] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an

---

[55] *Id.* at 570.

[56] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[57] *Iqbal*, 556 U.S. at 677–78.

[58] *Id.* at 679.

[59] *Id.* at 678.

[60] *Id.*

[61] *Id.*

[62] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

"insuperable" bar to relief, the claim must be dismissed.[63]

## B.   *Legal Standard for Sanctions*

Title 28, United States Code, Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any Court of the United States . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As the Fifth Circuit has explained, "[t]he adverbs being in the conjunctive, sanctions under § 1927 must be predicated on actions that are both 'unreasonable' and 'vexatious.'"[64]  "Because of the punitive nature of § 1927 sanctions, and in order not to chill legitimate advocacy, the provision must be strictly construed."[65]

In addition to 28 U.S.C. § 1927, a court may also enter sanctions pursuant to Federal Rule of Civil Procedure 11. Rule 11 provides that when an attorney or unrepresented party submits a pleading to the court, that person certifies that any representations made to the court are not being presented for any improper purpose, that the legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of the law, and that any allegations made therein have evidentiary support. The district court may impose appropriate **s**anctions, including attorneys' fees and costs, where a pleading has been filed in violation of Rule 11.[66] A district court' decision to deny Rule 11 sanctions is reviewed for abuse

---

[63] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

[64] *Edwards v. Gen. Motors Corp.,* 153 F.3d 242, 246 (5th Cir. 1998).

[65] *Id.*

[66] Fed. R. Civ. P. 11(c).

of discretion, which "only occurs where no reasonable person could take the view adopted by the trial court."[67]

## IV. Analysis

### A. *Motion to Dismiss*

Defendant seeks dismissal of all claims raised in the Amended Complaint, arguing that Plaintiff fails to state a claim for abuse of process, malicious prosecution, civil racketeering, or a claim under the Fifth or Fourteenth Amendments to the United States Constitution. The Court addresses each of Plaintiff's claims in turn.

#### 1. Abuse of Process Claim

Defendant argues that Plaintiff has not stated a claim for abuse of process because Plaintiff does not allege any act "within the control of Defendant."[68]  "An abuse of process claim has two essential elements: (1) the existence of an ulterior purpose and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding."[69] Here, the Court finds that Plaintiff has failed to state a claim for abuse of process. The Amended Complaint does not allege that Defendant had any ulterior purpose for filing the petition challenging Plaintiff's candidacy. Indeed, the Amended Complaint suggests that Defendant regularly files these petitions as part of his law practice.[70] Moreover, Plaintiff does not allege any act "not proper in the regular

---

[67] *Bergquist v. FyBX Corp.,* 108 F. App'x 903, 904 (5th Cir. 2004).

[68] Rec. Doc. 48-1 at 2.

[69] *No Drama, LLC v. Caluda*, No. 15-211, p. 5 (La. App. 5 Cir. 10/14/15); 177 So. 3d 747, 751. *See also Palmer v. Ameriquest Mortg. Co.*, 41,576, p. 9 (La. App. 2 Cir. 12/13/06); 945 So. 2d 294, 300; *Waguespack, Seago & Carmichael v. Lincoln*, 99-2016, p. 5 (La. App. 1 Cir. 9/22/00); 768 So. 3d 287, 290–91.

[70] Rec. Doc. 46 at 3–4.

prosecution of the proceeding."[71]  Plaintiff does not allege that Defendant was personally involved in any "delay" in either Plaintiff receiving service or in the appellate court denying Plaintiff's appeal. Accordingly, the Court dismisses Plaintiff's abuse of process claim.

### 2.  Malicious Prosecution Claim

Next, Defendant argues that Plaintiff's malicious prosecution claim should be dismissed because Defendant is not a government or law enforcement officer.[72]  To state a claim for malicious prosecution, a plaintiff must show six elements:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.[73]

Here, the Court finds that Plaintiff has failed to state a claim for malicious prosecution. The Amended Complaint satisfies the first two elements. However, the third element is fatal to Plaintiff's claim. The Louisiana Supreme Court has explained that the purpose of the favorable termination requirement is to ensure "that there be some disposition of the underlying proceeding indicative of the innocence of the accused."[74]  Plaintiff has not alleged that the prior proceeding was terminated in his favor. In fact, Plaintiff has affirmatively alleged the opposite—that he lost in the underlying litigation. Accordingly, the Amended Complaint fails to state a claim for malicious prosecution.

---

[71] *No Drama, LLC*, No. 15-211 at p. 5; 177 So. 3d at 751.

[72] Rec. Doc. 46 at 6.

[73] *Lemoine v. Wolfe*, No. 14-1546, p. 8 (La. 3/17/15); 168 So. 3d 362, 367.

[74] *Id.* at p. 12; 168 So. 3d at 370.

### 3. Civil Racketeering Claim

The Amended Complaint may contain a third claim for a civil racketeering violation. The

Amended Complaint states, in pertinent part:

> Then we get into another topic area of Second Tier of Claim ( Malicious
> Prosecution ) the intentional tort claims of Mr Petite; and similar patterns he's been
> using in the past to do these devious Deeds with probably other parties which may
> lead to a conclusion of the Third Tier of Claims . Civil Rico claims with Pettit and
> other parties; however Galan has been waiting for additional interrogatories to be
> granted and/or to be compelled so that more information for Tier Two and Tier
> Three can be looked at with a forensic eye before the trial.[75]

To the extent Plaintiff intends to assert a civil racketeering claim, the Court finds these allegations

insufficient. The Racketeer Influenced and Corrupt Organizations Act makes it unlawful for a

person to be employed by or associated with an enterprise engaged in a patten of racketeering or a

collection of unlawful debt.[76] A civil racketeering violation requires a plaintiff to show, among

other things, the existence of an enterprise and a pattern of racketeering activity.[77]

Here, Plaintiff does not plead any facts to give rise to a civil racketeering claim; he merely

alleges that Defendant has engaged in "devious Deeds" and that those deeds were "probably" done

with other parties. Plaintiff asserts that this "may lead to a conclusion" that Defendant has engaged

in racketeering.[78] However, "[f]actual allegations must be enough to raise a right to relief above

the speculative level."[79] Allegations that merely speculate that Defendant "probably" engaged in

---

[75] Rec. Doc. 46 at 3.

[76] *Boyle v. United States*, 556 U.S. 938, 943–44 (2009) (explaining the requirements of 18 U.S.C. § 1962(c)).

[77] *Id.* at 947.

[78] Rec. Doc. 46 at 3.

[79] *Twombly*, 550 U.S. at 556.

behavior that "may" constitute racketeering are insufficient to survive a motion to dismiss.[80]

Accordingly, the Court dismisses Plaintiff's civil racketeering claims.

### 4. Fourteenth Amendment/Fifth Amendment Claim

Finally, to the extent the Amended Complaint asserts a violation of the Fifth or Fourteenth

Amendment of the United States Constitution, Defendant argues that Plaintiff has not adequately

alleged that Defendant knew of Plaintiff's "name recognition."[81] The Amended Complaint

contains over two pages detailing three major doctrinal areas to arise from the Fifth and Fourteenth

Amendments: substantive due process, incorporation, and procedural due process.[82] This section

ends with this sentence:

> Thus, Petit, with his petition and external actors knowing Galan's name
> recognition, SUPRESSED (sic) not only candidate Galan, but the voters in that
> Senate District 10 to have the right to choose more candidates for their choice in
> the primary election October 12, 20219.[83]

The Court finds this does not state a claim for relief under the Fifth or Fourteenth Amendments.

"The Fifth Amendment applies only to violations of constitutional rights by the United States or a

federal actor."[84] Similarly, the Fourteenth Amendment protects individuals "from unconstitutional

actions by state actors."[85] Here, Plaintiff does not allege that Defendant is affiliated with the

federal government or acting on behalf of the United States. Nor does Plaintiff allege that

---

[80] Rec. Doc. 46 at 3. *See also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

[81] Rec. Doc. 48-1 at 8.

[82] Rec. Doc. 46 at 4–6.

[83] *Id.* at 6 (errors in original).

[84] *Jones v. City of Jackson*, 203 F.3d 875, 880

[85] *Jones*, 203 F.3d at 880.

Defendant is acting on behalf of the state of Louisiana. Therefore, Plaintiff does not set forth sufficient facts to state a claim against Defendant. Accordingly, the Court dismisses Plaintiff's Fifth/Fourteenth Amendment claim.

**B.      *Motion for Sanctions***

With respect to Defendant's request for sanctions, Defendant "reasserts" his arguments for imposing sanctions on Plaintiff as expressed in Defendant's first motion to dismiss.[86] In this Court's May 18, 2021 Order, the Court found that sanctions were not appropriate at that time because the Court was unable to determine the merits of Plaintiff's allegations.[87] Having now determined that Plaintiff's allegations are meritless and warrant dismissal, the Court will nevertheless exercise its discretion and deny Defendant's motion for sanctions.[88]

## IV. Conclusion

For the foregoing reasons, the Court finds that the Amended Complaint fails to state a claim upon which relief may be granted. Additionally, given that Plaintiff's claims are dismissed, the Court declines to impose sanctions on Plaintiff. Accordingly,

---

[86] Rec. Doc. 48-1 at 8.

[87] Rec. Doc. 44 at 8–9.

[88] Defendant also requests oral argument. Rec. Doc. 48. Local Rule 78.1 requires that a party requesting oral argument file, contemporaneously with the filing of the motion, a separate request for oral argument. Here, Defendant did not file a separate request for oral argument. Additionally, the Court finds that oral argument is unnecessary to clarify the arguments of the parties. Therefore, the Court denies Defendant's request for oral argument.

**IT IS HEREBY ORDERED** that Defendant's Second Motion to Dismiss Pursuant to Rule 12(b) and Motion for Sanctions[89] is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent that it seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b). The motion is denied to the extent Defendant requests the Court sanction Plaintiff and requests oral argument.

**NEW ORLEANS, LOUISIANA**, this ___30th___ day of October, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[89] Rec. Doc. 48.

15